[667 NYS2d 150]

In the Matter of DONALD L. SUMMER, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 31, 1997

## APPEARANCES OF COUNSEL

*Philip Abramowitz,* Buffalo, for respondent.
*Andrea Tomaino,* Rochester, for petitioner.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on December 5, 1960, and maintains an office in Buffalo. The

Grievance Committee filed a petition charging respondent with failure to preserve and identify clients' funds, commingling personal funds with clients' funds, withdrawing clients' funds for purposes unrelated to those clients' transactions and failing to account for and remit to clients the interest earned on their funds. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. The Referee filed a report that petitioner moves to confirm and respondent cross-moves to vacate or amend.

The Referee found that respondent deposited and withdrew personal funds from his attorney trust account at Marine Midland Bank; that he deposited clients' funds into the Marine Midland account and into a non-interest-bearing checking account at Key Bank without posting those funds to any particular client; that he used funds from the Key Bank and Marine Midland accounts to pay his personal taxes; that he failed to maintain appropriate records of clients' funds in his possession; and that he failed to remit interest to clients in the amount of $73,276.40 earned on their funds in the Marine Midland trust account. The Referee found that respondent should remit that amount to the IOLA Fund inasmuch as it is not possible to determine from respondent's records the identity of the clients who would have been entitled to the interest.

Respondent renews a prior motion to strike the charges pertaining to the account at Key Bank and argues that the findings sustaining those charges should be vacated because the written summary presented to the Grievance Committee prior to the institution of formal charges (see, 22 NYCRR 1022.19 [f] [1]) failed specifically to mention Key Bank. Respondent contends that, inasmuch as Key Bank was not mentioned in the summary, he did not have adequate notice of the charges under consideration nor did the Grievance Committee authorize the filing of charges based upon the Key Bank account. We disagree. The charges involving the Key Bank account are intertwined with charges involving the Marine Midland account, and respondent had a full and fair opportunity to litigate the nature of the funds in that account.

We confirm the findings of fact in the Referee's report with the exception of finding 13, which relates to respondent's failure to record deposits made in 1986. In rejecting that finding, we note that respondent's obligation to maintain records of those transactions had expired.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 9-102 (A) (22 NYCRR 1200.46 [a])—commingling clients' funds with personal funds;

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts; and

DR 9-102 (D) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts.

We have considered the matters in mitigation, including respondent's prior unblemished record, and conclude that respondent should be suspended from practice for six months and until further order of the Court. We direct respondent to pay restitution to the IOLA Fund in the amount found by the Referee.

PINE, J. P., LAWTON, HAYES, WISNER and BALIO, JJ., concur.

Order of suspension and restitution entered.