[844 NYS2d 767]

In the Matter of KENNETH A. REDDING, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 9, 2007

**APPEARANCES OF COUNSEL**

*Vincent L. Scarsella, Deputy Chief Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Richard T. Sullivan*, Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, Second Department, on November 17, 1982, and maintains an office for the practice of law in Amherst. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from the transfer of client funds from a law firm trust account to escrow and investment accounts. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Following the hearing, the Referee filed a report, which the Grievance Committee has moved to confirm in part. Respondent has cross-moved to dismiss the petition.

The Referee found that respondent, while employed as an associate attorney in a law firm, authorized the transfer of client funds from a trust account held by the law firm and from an escrow account held by a title abstract company owned by a senior partner in the law firm into a business account that respondent had opened for his title company with a deposit of personal funds, thereby commingling client funds with personal funds. Additionally, the Referee found that respondent authorized the deposit of client funds and other funds received incident to his law practice into an investment account, where the funds earned interest and dividends. Although declining to find that respondent misappropriated the earnings on the funds to his own use, the Referee found that respondent did not account for or remit to clients the interest and dividends earned on the funds.

We confirm the findings of fact made by the Referee, except to the extent that the Referee failed to find that respondent misappropriated the interest and dividends earned on client funds. Interest and dividends earned on funds held by an attorney on behalf of a client or third party is the property of the client or third party, and the attorney is obligated to report and to pay to the client or third party the interest and dividends earned thereon (*see generally Matter of Summer*, 238 AD2d 86, 87 [1997]). The interest and dividends at issue here were earned on client funds in accounts held by a title company that was owned, in part, by respondent and used by respondent for the transaction of real estate matters. That no client or third party made a request for the earnings, none having had knowledge of such earnings, does not relieve respondent of the responsibility to account for and remit the funds. Consequently, we grant the

motion of the Grievance Committee and deny respondent's motion.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts; and

DR 9-102 (c) (1) (22 NYCRR 1200.46 [c] [1])—failing to notify a client or third party promptly of the receipt of funds in which the client or third party has an interest.

In determining an appropriate sanction, we have considered the Referee's findings that respondent had no intent to convert client funds to his own use and that no client or third party demanded the earnings on the funds. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured. Additionally, we direct respondent to pay restitution to the IOLA Fund in accordance with the order entered herewith.

GORSKI, J.P., LUNN, FAHEY, GREEN and PINE, JJ., concur.

Order of censure entered.